## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **And Go Concepts, LLC, *et al.*,** | § | **Case No. 26-90753 (ARP)** |
| | § | |
| **Debtors.**[1] | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |
| | § | |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED
LIST OF CREDITORS, (B) FILE A CONSOLIDATED LIST OF
THE 30 LARGEST UNSECURED CREDITORS, AND (C) REDACT CERTAIN
PERSONAL IDENTIFICATION INFORMATION; (II) APPROVING THE FORM
AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF
<u>THESE CHAPTER 11 CASES; AND (III) GRANTING RELATED RELIEF</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 1:00 P.M. (CENTRAL TIME) ON AUGUST 7, 2026.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON 1:00 P.M (CENTRAL TIME) ON AUGUST 7, 2026, IN COURTROOM 400, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**
>
> **PARTICIPATION AT THE HEARING WILL <u>ONLY</u> BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are And Go Concepts, LLC (4415); SAG Corporate Services LLC (0810); AGC-Arizona Facilities, LLC (7507); AGC-North Texas Facilities, LLC (7091); and Garland New Market LLC (6838). The location of the Debtors' service address for purposes of these chapter 11 cases is 909 E. Broadway Road, Tempe, AZ 85282. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/AndGoConcepts.

> **NUMBER. JUDGE PEREZ'S CONFERENCE ROOM NUMBER IS 282694 . VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE PEREZ'S HOME PAGE. THE MEETING CODE IS "JUDGE PEREZ." CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE PEREZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

And Go Concepts, LLC, and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Relief Requested

1.     The Debtors seek entry of an order, substantially in the form annexed hereto (the "**Proposed Order**") (a) authorizing the Debtors to (i) file a consolidated creditor matrix in lieu of submitting separate mailing matrices for each Debtor, and (ii) file a consolidated list of their 30 largest unsecured creditors[2]; (b) approving the form and manner of notifying creditors of commencement of the Chapter 11 Cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code; (c) permitting the redaction of certain personal information for certain third parties; and (d) granting related relief.

### Jurisdiction

2.     The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to* Bankruptcy *Judges* from the United States District Court for the Southern

---

[2] The Debtors intend to file a single consolidated list of the Debtors' 30 largest general unsecured creditors pursuant to Section F.14(a) of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas.

District of Texas, entered May 24, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), and 521 of the Bankruptcy Code; Bankruptcy Rules 1007, 2002, and 9007; and Bankruptcy Local Rules 1075-1 and 9013-1.

## Background

4. The Debtors own and operate a quick-service, drive-thru restaurant chain that offers affordable, health-focused menu items such as salads, bowls, wraps, breakfast burritos, and soups at approximately 70 locations across Arizona and Nevada (the "**Restaurants**").

5. On August 4, 2026 (the "**Petition Date**"), the Debtors commenced voluntary cases under Chapter 11 of Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

6. The Debtors filed a motion requesting joint administration of the Chapter 11 Cases pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules.

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Fritz Gallagher in Support of Chapter 11 Petitions and First-Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

## Relief Requested Should Be Granted

**I.** **A Consolidated Creditor Matrix is Warranted for these Chapter 11 Cases.**

8. Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bankr.

P. 1007(a)(1). Although the list of creditors is usually filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[3] Here, the preparation of separate lists of creditors for each Debtor would be expensive, time-consuming, and administratively burdensome. Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "**Creditor Matrix**") for all the Debtors.

**II.      These Chapter 11 Cases Justify a Consolidated List of the 30 Largest General Unsecured Creditors.**

9.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "**Top 30 List**"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

**III.     Redaction of Certain Personal Information of Certain Third Parties.**

10.     Section 107(c)(1)(A) of the Bankruptcy Code provides that "the [Court], for cause, may protect an individual, . . . to the extent the court finds that disclosure of such information would create undue risk of identity theft[,]" with respect to "[a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]." 11 U.S.C. § 107(c)(1)(A).  Here, cause exists to authorize the Debtors to redact the addresses and email addresses for individuals that are the Debtors' current and former employees, directors, interest holders, contractors, creditors, other parties in interest—including the Debtors' customers—and other individuals, as necessary, and any other information required to be redacted, to the extent

---

[3] *See Procedures for Complex Chapter 11 Cases in the Southern District of Texas.*

applicable or required by law, from the Creditors Matrix, the Top 30 Creditors List, and other filings made in these chapter 11 cases because such information could be used to, among other things, perpetrate identity theft, and poses potential safety or other privacy concerns. The Debtors have policies and practices in place to preserve personal identification information of its employees, and independent contractors, among other individuals, and intends to continue those policies and practices in these chapter 11 cases in the ordinary course. The Debtors propose to provide, upon request, and subject to applicable data privacy laws, unredacted versions of the Creditors Matrix and Top 30 Creditors List to the Court, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**"), and counsel to any statutory committee of unsecured creditors appointed in these Chapter 11 Cases.

11.     Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g., In re Zynex, Inc.*, No. 25-90810 (ARP) (Bankr. S. D. Tex. Dec. 16, 2025) (Docket No. 43); *In re Air Methods Corporation*, No. 23-90886 (MI) (Bankr. S.D. Tex. Oct. 25, 2023) (Docket No. 94); *In re Genesis Care Pty Limited*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023) (Docket No. 73).

**IV.     Service by Email to Creditors is Appropriate and Should be Approved.**

12.     While the Bankruptcy Rules generally require notices to be served on creditors at their addresses, they give significant latitude to bankruptcy courts for modifying the general rule. *See* Fed. R. Bankr. P. 2002(m) and 9007.  Bankruptcy courts have explicit authority to modify the manner in which notice is given. *See* Fed. R. Bankr. P. 2002(m). The Debtors serve many of their customers through online platforms and often communicate with vendors and other creditors through electronic means.  Accordingly, the Debtors request authority to serve their creditors by email, where an email account is available to the Debtors.

13.     Not only is email service likely the most efficient and cost-effective manner by

which service of all interested parties can be completed, it is also more likely to facilitate creditor responses. In addition, this method of service will help alleviate administrative burdens and costs on the Debtors' estates.

14.     The Debtors submit that implementation of the procedures requested herein are appropriate in these Chapter 11 Cases and are well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

15.     Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g., In re White Rock Medical Center, LLC*, No. 26-90115 (ARP) (Bankr. S. D. Tex. Jan 27, 2026) (Docket No. 50) (authorizing the debtors to serve all pleadings and papers on all parties listed on the creditor matrix by email, if available); *In re Genesis Care Pty Limited*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023) (Docket No. 73) (same).

**V.      Service of the Notice of Commencement.**

16.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or the court's designee must give the debtor, the trustee, all creditors, and all indenture trustees at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b)." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

17.     Through Kroll Restructuring Administration LLC, the Debtors' proposed noticing, claims, and soliciting agent (the "**Noticing and Claims Agent**"), the Debtors propose to serve the notice of commencement, substantially in the form attached as **Exhibit 1** to the Order hereto (the "**Notice of Commencement**"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple

6

notices to the parties listed on the Debtors' voluminous Creditor Matrix. Accordingly, the Debtors submit that service of the Notice of Commencement is warranted.

18.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Reservation of Rights

19.     Nothing contained herein is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## Emergency Consideration

20.     Pursuant to Bankruptcy Local Rule 9013-1, the Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days following the commencement of a chapter 11 case if "relief is needed to avoid immediate and irreparable harm." For the reasons discussed above and in the First Day Declaration, an immediate and orderly transition into chapter 11 is critical to the viability

of the Debtors' operations. Failure to receive the requested relief in this Motion during the first twenty-one days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this important juncture and cause immediate and irreparable harm. The requested relief is necessary for the Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize the value of their estates for the benefit of all stakeholders. The Debtors have demonstrated that the requested "relief is needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003, and request that the court grant the relief requested in this Motion.

## Notice

21.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 4, 2026                        Respectfully submitted,
      Houston, Texas

*/s/ Omar J. Alaniz*

| | |
|---|---|
| **REED SMITH LLP** | **REED SMITH LLP** |
| Omar J. Alaniz (24040402) | Amalia Sax-Bolder (*pro hac vice* pending) |
| Dylan T.F. Ross (24104435) | 1900 Lawrence Street, Suite 2800 |
| Haley B. Bray (24143584) | Denver, CO 80202 |
| 2850 N. Harwood Street, Suite 1500 | Telephone: 303.552.3800 |
| Dallas, TX 75201 | Fax:     303.552.3799 |
| Telephone: 469.680.4200 | E-mail:    asaxbolder@reedsmith.com |
| Fax:     469.680.4299 | |
| E-mail:    oalaniz@reedsmith.com | |
|         dylan.ross@reedsmith.com | |
|         hbray@reedsmith.com | |

*Proposed Counsel for Debtors and Debtors in Possession*

## Certificate of Accuracy

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify that the foregoing statements are true and accurate to the best of my knowledge.

*/s/ Omar J. Alaniz*
Omar J. Alaniz

## Certificate of Service

I hereby certify that on August 4, 2026 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and will be served on all parties required by Local Rule 9013-1(d).

*/s/ Omar J. Alaniz*
Omar J. Alaniz

9

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **And Go Concepts, LLC, *et al.*,** | § | **Case No. 26-90753 (ARP)** |
| | § | |
| **Debtors.[1]** | § | **(Jointly Administered)** |
| | § | |
| | § | |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A
CONSOLIDATED LIST OF CREDITORS, (B) FILE A CONSOLIDATED
LIST OF THE 30 LARGEST UNSECURED CREDITORS, AND (C) REDACT
CERTAIN PERSONAL IDENTIFICATION INFORMATION; (II) APPROVING THE
FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT
OF THESE CHAPTER 11 CASES; AND (III) GRANTING RELATED RELIEF**

Upon the emergency motion ("**Motion**")[2] of And Go Concepts, LLC and its debtor affiliates, as debtors and debtors in possession ( collectively, the "**Debtors**"), for entry of an order, (a) authorizing the Debtors to (i) file a consolidated creditor matrix in lieu of submitting separate mailing matrices for each Debtor (the "**Consolidated Creditors Matrix**"), and (ii) file a consolidated list of their 30 largest unsecured creditors (the "**Consolidated Top 30 Creditors List**"); (b) approving the form and manner of notifying creditors of commencement of the Chapter 11 Cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code; and (c) granting related relief, each as more fully described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are And Go Concepts, LLC (4415); SAG Corporate Services LLC (0810); AGC-Arizona Facilities, LLC (7507); AGC-North Texas Facilities, LLC (7091); and Garland New Market LLC (6838). The location of the Debtors' service address for purposes of these chapter 11 cases is 909 E. Broadway Road, Tempe, AZ 85282. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/AndGoConcepts.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

§157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Debtors are authorized, but not directed, to file a Consolidated Creditor Matrix and a Consolidated Top 30 Creditors List.

2.      The Debtors are further authorized, but not directed, to redact the addresses and email addresses of individuals that are the Debtors' current and former employees, directors, interest holders, contractors, creditors, other parties in interest, and other individuals, as necessary, and any other information required to be redacted, to the extent applicable or required by law, listed on the Consolidated Creditors Matrix, the Consolidated Top 30 Creditors List, and other filings made in these chapter 11 cases to such individuals listed therein.  The Debtors shall provide, subject to applicable data privacy laws, an unredacted version of the Consolidated Creditors Matrix and the Consolidated Top 30 Creditors List  pursuant to this Order to (a) the Court, the U.S. Trustee, and counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (if any), and (b) upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, any party in interest, provided that any receiving party shall not transfer or otherwise provide such unredacted document to any other person or entity. The Debtors shall inform the U.S. Trustee and the Court promptly after denying any request for an unredacted document pursuant to this Order.  The rights of all parties in these chapter 11 cases

2

3

to object to the relief set forth in this paragraph on a final basis, for any reason, including that the Debtors have not satisfied their burden under section 107(c) of the Bankruptcy Code, are hereby preserved.

3.      Within five (5) business days of the entry of this Order, the Debtors are authorized to serve the Notice of Commencement substantially in the form attached hereto as **Exhibit 1**, on all parties on the creditor matrix. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of: (a) the commencement of these Chapter 11 Cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

4.      Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

5.      The Debtors, through their claims and noticing agent, are authorized to distribute all pleadings and papers to parties in interest via email.

6.      The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August [_], 2026

_____
THE HONORABLE ALFREDO R. PEREZ
UNITED STATES BANKRUPTCY JUDGE

3

## **EXHIBIT 1**

**Notice of Commencement**

**Information to identify the case:**

Debtor:      And Go Concepts, LLC

EIN:      45-2824415

United States Bankruptcy Court for the Southern District of Texas

Case number: 26-90753 (ARP)]

Date case filed for chapter 11: August 4, 2026

Official Form 309F1 (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case                    10/20

8.        **For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov) or by visiting the court-appointed claims agent's website at https://restructuring.ra.kroll.com/AndGoConcepts

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1. **Debtor's full name: See chart below.**

   **List of Jointly Administered Cases**

| Jointly Administered Cases | Address | Case No. | Tax ID No. |
|---|---|---|---|
| And Go Concepts, LLC | 909 E. Broadway Rd., Tempe, AZ 85282 | 26-90753 | 45-2824415 |
| SAG Corporate Services LLC | 2610 McCree Road, Garland, TX 75041 | 26-90752 | 42-4220810 |
| AGC–Arizona Facilities, LLC | 625 S. 27th Avenue, Unit 140, Phoenix, AZ 85009 | 26-90754 | 93-4217507 |
| Garland New Market LLC | 2610 McCree Rd Garland, TX 75041 | 26-90756 | 93-4946838 |
| AGC–North Texas Facilities, LLC | 2610 McCree Road, Garland, TX 75041 | 26-90755 | 93-4207091 |

**2.   All other names used in the last 8 years:**

| Debtor's Name | Other Names Used in the Last 8 Years |
|---|---|
| And Go Concepts, LLC | N/A |
| SAG Corporate Services LLC | N/A |
| AGC–Arizona Facilities, LLC | N/A |
| Garland New Market LLC | N/A |
| AGC–North Texas Facilities, LLC | N/A |

**3.   Address: See chart above.**

**4.   Debtors' Attorney:**

**Reed Smith LLP**
Omar J. Alaniz, Esq. (OAlaniz@reedsmith.com)
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Telephone: (469) 680-4200
Fax: (469) 680-4299

**Reed Smith LLP**
Amalia Sax-Bolder (asaxbolder@reedsmith.com)
1900 Lawrence Street, Suite 2800
Denver, CO 80202
Telephone:    303.552.3800
Fax:  303.552.3799

**Debtors' Claims and Noticing Agent**

If you have questions about this notice, please contact:

Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850
(844) 363-4734 (Toll-Free)
+1 (646) 701-5716 (International)

Email: AndGoConceptsInfo@ra.kroll.com

Website:
https://restructuring.ra.kroll.com/AndGoConcepts

**5.   Bankruptcy clerk's office**

Documents in this case may be filed at this address.
You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov or by visiting the court-appointed claims agent's website at: https://restructuring.ra.kroll.com/AndGoConcepts.

**P.O. Box 61010**
**Houston, TX 77208**

Hours open: Monday − Friday 8:00 AM − 5:00 PM CT
Contact phone (713) 250-5500

**6.   Meeting of creditors**        **[Date and Time to be determined], (Central Time)**        **Location: Telephonic**

The debtor's representative must attend the meeting to be questioned under oath.
Creditors may attend, but are not required to do so.

The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket.

**The meeting of Creditors will be held by phone:**

**Please call: 1 (888) 330-1716**
**Participant Code: [_]**

| 7. Proof of claim deadline | **Deadline for filing proof of claim:** | **Not yet set. If a deadline is set, the court will send you another notice.** |
|---|---|---|
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained by visiting the court- appointed claims agent's website at: https://restructuring.ra.kroll.com/AndGoConcepts http://www.uscourts.gov or any bankruptcy clerk's office. | |
| | Your claim will be allowed in the amount scheduled unless: <br>• your claim is designated as disputed, contingent, or unliquidated; <br>• you file a proof of claim in a different amount; or <br>• you receive another notice. | |
| | If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim, or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. | |
| | Once the schedules are filed, you may review the schedules at the bankruptcy clerk's office or online for free at https://restructuring.ra.kroll.com/AndGoConcepts | |
| | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| 8. **Exception to discharge Deadline** <br> The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. <br><br> **Deadline for filing the complaint: [Date and time to be determined]** | |
| 9. **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice.  Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 10. **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | |
| 11. **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See 11 U.S.C. § 1141(d).  A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan.  If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the  deadline. | |

**If you have questions about this notice, please contact the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC, via email by submitting an inquiry at AndGoConceptsInfo@ra.kroll.com**

**You may also find out more information at https://restructuring.ra.kroll.com/AndGoConcepts**

Official Form 309F1 (For Corporations  or Partnerships)          **Notice of Chapter 11 Bankruptcy  Case**