United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **And Go Concepts, LLC, *et al.*,** | § | **Case No. 26-90753 (ARP)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**ORDER APPROVING AUCTION PROCEDURES FOR COMPETITIVE BIDDING BETWEEN BOERSMA BROS. LLC AND BREW CULTURE, LLC**
[Relates to Dkt. No. 169]

Upon the Emergency Motion for Entry of an Order Approving Auction Procedures for Competitive Bidding Between Boersma Bros. LLC and Brew Culture, LLC [Dkt No. 169] (the "**Motion**")[2] filed by the above-captioned debtors and debtors in possession (the "**Debtors**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the Court having reviewed the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the relief requested is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest and is necessary to avoid immediate and irreparable harm as contemplated by Bankruptcy Rule 6003; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are And Go Concepts, LLC (4415); SAG Corporate Services LLC (0810); AGC-Arizona Facilities, LLC (7507); AGC-North Texas Facilities, LLC (7091); Garland New Market LLC (6838); AGC Topco, LLC (6845); and AGC Holdco, LLC (0294). The location of the Debtors' service address for purposes of these chapter 11 cases is 909 E. Broadway Road, Tempe, AZ 85282. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/AndGoConcepts.

[2] Capitalized terms that are used but not defined herein shall have the meanings given to them in the Motion.

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized and directed to serve the Supplemental Cure Notice on or before September 2, 2026, by overnight mail, only on landlords and contract counterparties whose leases or contracts may be assumed and assigned in either sale process and who were not previously noticed under the Bulk Sale Motion (Dkt. No. 39).

3. A landlord or counterparty receiving the Supplemental Cure Notice may object to the proposed cure amount, assumption and assignment, adequate assurance, or other applicable issue no later than September 17, 2026. Except as otherwise expressly set forth herein, Landlords and counterparties previously noticed under the Bulk Sale Motion shall not receive a new fourteen-day objection period, and their existing objection deadlines and rights remain in effect as to the sale of assets and assignment of leases to Dutch Bros. For the avoidance of doubt, the objection deadlines in the Supplemental Cure Notice shall not apply to the sale of assets or assignment of leases to 7 Brew (defined below).

4. The Auction Procedures attached hereto as **Exhibit 1** are hereby approved as the targeted competitive process for determining the Successful Bidder for purposes of the First Sale Hearing and Second Sale Hearing and the proposed Bulk Sale Order.

5. Boersma Bros. LLC ("**Dutch Bros**") and Brew Culture, LLC ("**7 Brew**") are confirmed as authorized and eligible participants in the Auction, provided that each delivers the required acknowledgments described in the Auction Procedures no later than August 28, 2026, at 5:00 p.m. (Central Time) (the "**Bid Deadline**"). Each Bidder may submit a revised bid by the Bid Deadline, provided that any revised bid provides an economic improvement over such Bidder's immediately prior submitted bid; provided, however, that Dutch Bros shall not be required to pay or bid any termination fee or expense reimbursement as part of the Auction or as part of any bid it submits. Notwithstanding the foregoing, 7 Brew may not revise its bid in a manner that would fail

to meet the Alternative Transaction definition in the Dutch Bros APA at any time at the Auction or otherwise.

6. The Bidder that is not the Successful Bidder will be the Back-Up Bidder. The last submitted bid by the Back-Up Bidder will remain in full force and effect during a sixty (60)-day Back-Up Bid period that begins at the conclusion of the Auction. If the Successful Bidder fails to close during the Back-Up Bid period, the Debtors may, after consulting with the Consultation Parties,[1] consummate the sale with the Back-Up Bidder without further order of this Court.

7. The Auction shall be conducted on August 31, 2026, at 10:00 a.m. (Central Time) at the Houston office of Reed Smith LLP, counsel for the Debtors, or such other location or remote format as the Debtors may designate. The Auction shall be transcribed by a court reporter. All bid submissions at the Auction shall be conducted in a plenary session with the court reporter present. During any bid submission at the Auction, the submitting Bidder must: (a) identify all economic terms of the topping bid; (b) identify the sites included in the revised bid; and (c) disclose whether any economic terms from the Bidder's prior submitted asset purchase agreement have changed (including, without limitation, purchase price, assumed liabilities, per-site reduction amounts, or closing conditions). Only the Bidders, the Debtors, the DIP Lender, and the Creditors' Committee (and their respective counsel and advisors), and any other party permitted by the Debtors, in consultation with the Consultation Parties, may attend the Auction; provided that counsel to landlords with lease agreements with the Debtors may observe virtually by Zoom or a similar platform.

8. If Dutch Bros is the Successful Bidder, the First Sale Hearing shall proceed as scheduled on September 1, 2026, at 10:00 a.m. (Central Time), or such other date and time as this Court may set, and shall cover only leases and contracts previously noticed under the Bulk Sale

---

[1] The "**Consultation Parties**" means the DIP Lender and the Creditors' Committee.

Motion (Dkt. No. 39), including the approximately sixty-five (65) original Dutch Bros leases. Any additional leases and contracts included in the Successful Bid that were not previously noticed under the Bulk Sale Motion (Dkt. No. 39) will be heard at a Second Sale Hearing on September 21, 2026, at 1:00 p.m. (Central Time). The Second Sale Hearing will also resolve any objections to adequate assurance of future performance raised by landlords and counterparties who received the Supplemental Cure Notice.

9. If Dutch Bros is not the Successful Bidder and 7 Brew or any other person or entity is the Successful Bidder, the Bulk Sale Order shall provide that the Termination Fee under Section 9.2(a) of the Dutch Bros APA ($3,800,000, plus Dutch Bros' reasonable and documented out-of-pocket expenses, including reasonable attorneys' fees) shall constitute an allowed administrative expense claim and that, at the closing of the 7 Brew transaction, the Termination Fee shall be paid directly to Dutch Bros. The Debtors shall escrow the Surplus Proceeds to be distributed to Dutch Bros upon the effective date of the Debtors' chapter 11 plan or upon the further order of this Court. Dutch Bros shall not be required to pay or bid any termination fee or expense reimbursement.

10. Following the Board's selection of the Successful Bidder after consulting with the Consultation Parties, the Debtors are authorized and directed, within twenty-four (24) hours of the conclusion of the Auction, to (a) file a notice of the Successful Bidder, substantially in the form attached hereto as **Exhibit 2**, identifying the Successful Bidder, the Back-Up Bidder, and the leases and contracts included in the Successful Bid, and (b) serve notice on all landlords whose leases are included in the Successful Bid identifying the Successful Bidder. For purposes of the Second Sale Hearing, Landlords and counterparties whose leases or contracts are included in the Successful Bid may request adequate assurance information from Robbie McLellarn (RMcLellarn@reedsmith.com) and Josh Caldwell (jcaldwell@stout.com) (together, the "**Adequate Assurance Contacts**") within two (2) business days of receipt of the filing of the

Notice of Successful Bidder. The Adequate Assurance Contacts shall collect adequate assurance information from the Successful Bidder (or applicable bidder) and deliver it to the requesting landlord (and its counsel, if known) within twenty-four (24) hours of receipt of the landlord's written request.

11. If any such objection remains unresolved as of the Second Sale Hearing, the affected lease or contract shall not be assumed and assigned at that hearing unless the objection is resolved, overruled, adjourned, or otherwise addressed by further order of this Court. Leases and contracts not included in the Successful Bid will remain available for sale at the Western Group auction (October 1, 2026) and the Central Group auction (October 2, 2026) under the Bidding Procedures Order (Dkt. No. 133), with a Non-Bulk Sale Hearing on October 14, 2026, or may be subject to further disposition as may be ordered by this Court.

12. Nothing herein should be construed as approval of the Surplus Proceeds Agreement, and the Court makes no findings with respect to the Surplus Proceeds Agreement. All parties' rights with respect to the Surplus Proceeds Agreement are reserved in all respects.

13. The fourteen-day stay periods under Bankruptcy Rules 6004(h) and 6006(d) are hereby waived, and this Order shall be effective immediately upon entry.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: August 28, 2026

Alfredo R Pérez
United States Bankruptcy Judge

# EXHIBIT 1

# (AUCTION PROCEDURES)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| And Go Concepts, LLC, *et al.*, | § | Case No. 26-90753 (ARP) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

## AUCTION PROCEDURES

These Auction Procedures (these "**Auction Procedures**") govern the auction (the "**Auction**") to be conducted between Boersma Bros. LLC, an Oregon limited liability company doing business as Dutch Bros ("**Dutch Bros**"), and Brew Culture, LLC, a Wyoming limited liability company ("**7 Brew**", and together with Dutch Bros, each a "**Bidder**" and collectively, the "**Bidders**"), for the sale of material assets of And Go Concepts, LLC and its debtor affiliates (collectively, the "**Debtors**" or "**Sellers**") in their chapter 11 cases pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**"), Case No. 26-90753 (ARP).

The Bidders are permitted to submit bids for purchase of any of the Debtors' unexpired nonresidential real property leases on the list of available assets to be provided to the Bidders prior to the Bid Deadline. Any leases not purchased at this Auction will remain available for sale at the Western Group auction (October 1, 2026) and the Central Group auction (October 2, 2026) under the Bidding Procedures Order (Dkt. No. 133), with a Sale Hearing on October 14, 2026. All bids for such leases must be organized into tiers as set forth in Section III below.

In these Auction Procedures, the "**Board**" refers to the Debtors' Board of Managers. "**Dutch Bros APA**" refers to the Asset Purchase Agreement dated August 4, 2026, between the Debtors and Dutch Bros. "**7 Brew APA**" refers to the Asset Purchase Agreement dated August 18, 2026, between the Debtors and 7 **Brew**.

Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion (Dkt. No. 39) (the "**Sale Motion**") or the Dutch Bros APA, as applicable.

### I. BIDDER ACKNOWLEDGMENTS

As a condition to Auction participation, each Bidder must confirm the following by letter to counsel for the Debtors and the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") by August 28, 2026, 5:00 p.m. (central time) (the "**Bid Deadline**"):

(a) **Binding Bids.** Each Bidder acknowledges and confirms that (1) its submitted bid is binding and irrevocable, subject only to: (i) the Debtors' Board selecting such Bidder as the Successful Bidder (as defined below) after consulting with the

Consultation Parties,[1] and (ii) the Bankruptcy Court entering the Sale Order (as defined below) approving the sale to such Bidder on terms consistent with the applicable asset purchase agreement, and (2) it is willing to serve as a Back-Up Bidder (defined below). Each bid submitted by a Bidder must be a cash bid. Each Bidder is permitted to submit a revised bid if it provides an economic improvement over such Bidder's immediately prior submitted bid; provided, however, that Dutch Bros shall not be required to pay or bid any termination fee or expense reimbursement as part of the Auction or as part of any bid it submits. Notwithstanding the foregoing, 7 Brew is not permitted at any time at the Auction or otherwise to revise its bid in a manner that would fail to meet the Alternative Transaction definition in the Dutch Bros APA.[2]

(b) **Good Faith Deposits.** Each Bidder acknowledges and confirms that Kroll Restructuring Administration LLC ("**Kroll**"), as escrow agent, is holding a good faith deposit equal to ten percent (10%) of the cash consideration set forth in such Bidder's asset purchase agreement.

(c) **Back-Up Bidder Obligations.** The Bidder that is not the Successful Bidder will be the Back-Up Bidder. The last submitted bid by the Back-Up Bidder will remain in full force and effect during a sixty (60)-day Back-Up Bid period that begins at the conclusion of the Auction. If the Successful Bidder fails to close during the Back-Up Bid period, the Debtors may, after consulting with the Consultation Parties, consummate the sale with the Back-Up Bidder without further order of the Bankruptcy Court.

## II. AUCTION LOGISTICS

The Auction shall be conducted in accordance with the following logistics:

**Date and Time:** August 31, 2026, at 10:00 a.m. Central Time.

**Location:** The Houston office of Reed Smith LLP, counsel for the Debtors.

**Court Reporter:** The Auction will be transcribed by a court reporter.

**Conducted by:** The Auction will be conducted by counsel for the Debtors in consultation with the Consultation Parties.

**Attendance:** Only the Bidders, the Debtors, and the Creditors' Committee (and their respective counsel and advisors), and any other party permitted by the Debtors, in consultation with the Consultation Parties, may attend the Auction; provided that counsel to landlords with lease agreements with the Debtors may observe virtually by Zoom or a similar platform.

[1] "**Consultation Parties**" means the DIP Lender and the Creditors' Committee.

[2] "**Alternative Transaction**" in the Dutch Bros APA is defined as a transaction for "all or a substantial portion of the Purchased Assets," that provides a cash purchase price in excess of the Purchase Price, Assumed Liabilities, and the Termination Fee plus $10 million. The Purchase Price under the Dutch Bros APA is $105 million. The Termination Fee is $3.8 million plus reasonable expenses (including attorneys' fees).

## III. AUCTION PROCESS

The Auction shall be conducted as follows:

1. **Opening — Lead Bid Announcement.** At the commencement of the Auction, counsel for the Debtors will announce the leading bid (the "**Lead Bid**").

2. **Tiered Bid Structure**. Each Bidder must organize its bid into the following three tiers:

   (a) **Tier 1 (Highest-Value Properties)**. For properties the Bidder values most highly, the Bidde must submit a single purchase price reflecting the highest consideration the Bidder is willing to pay for such properties (the "Tier 1 Price").

   (b) **Tier 2 (Mid-Value Properties)**. For properties the Bidder assigns moderate value, the Bidder may submit a single purchase price that is lower than the Tier 1 Price but still reflects meaningful consideration for such properties (the "Tier 2 Price").

   (c) **Tier 3 (Nominal Price / Liability Assumption Properties)**. For properties the Bidder assigns nominal value, the Bidder may submit a nominal purchase price (the "Tier 3 Price"), and the Bidder shall assume the liabilities associated with the applicable lease(s) for such properties. The Tier 3 structure is intended to credit value for the Debtors' estates' savings in avoiding rejection damages

   Each Bidder must identify in its bid which leases are assigned to each tier. The aggregate of the Tier 1 Price, the Tier 2 Price, and the Tier 3 Price, together with any assumed liabilities, shall constitute the Bidder's total bid for purposes of these Auction Procedures.

3. **Value Assessment Factors.** In evaluating bids, the Board will, in consultation with the Consultation Parties, consider the following factors, among others:

   - the overall value of the bid to the estates, including the treatment of cure costs;
   - the identity of the leases in the purchased asset group;
   - price per site and allocation of such price;
   - the amount by which the purchase price decreases if the Bidder removes a site based on a Qualified Removal (defined as a removal of a site from the purchased asset group for a reason described in Section 6.3(c) of the Dutch Bros APA);
   - the potential number of rejections of sites;
   - the size of the general unsecured claims pool resulting from the rejection of any lease that is not purchased;

- assumption of liabilities;
- the allocation of leases among tiers and the relative pricing within each tier;
- the economic effect of removing sites from the subsequent Western Group and Central Group auctions under the Bidding Procedures Order (Dkt. No. 133);
- any conditions to closing present in one bid that is not present in the other;
- the projected closing date; and
- any other reasonable factor that the board may consider, after consulting with the Consultation Parties, given the nature of the assets and facts and circumstances of this case.

Notwithstanding anything to the contrary herein, in the Dutch Bros APA, or in the Bulk Sale Auction Procedures Order, Dutch Bros shall not be permitted to "credit bid" any consideration relating to or on account of the Surplus Proceeds Agreement as part of its bid, and the Debtors shall not be permitted to ascribe any value to any bid submitted by Dutch Bros on account of any consideration relating to the Surplus Proceeds Agreement.

4. **Topping Bid Increments.** After the Lead Bid is announced, counsel for the Debtors will offer the other bidder the opportunity to submit a revised binding bid (a "**Topping Bid**"). Each Topping Bid must be a cash bid and provide overall value to the estates that is at least two percent (2%) above the overall value of the Lead Bid. Counsel for the Debtors will, after consulting with the Consultation Parties, announce whether such Bid meets the requirements of a Topping Bid. If such Bid constitutes a Topping Bid, such Topping Bid shall become the new Lead Bid. Bidding will continue in successive rounds, with each successive Topping Bid required to exceed the then-current Lead Bid by at least two percent (2%) in overall value to the estates. A Bidder that fails to submit a conforming topping bid within the time allotted shall be deemed to have concluded its bidding.

5. **Bid Submission Requirements.** All bid submissions at the Auction must be conducted in a plenary session with the court reporter present. During any bid submission at the Auction, the submitting Bidder must:

(a) identify all economic terms of the topping bid;

(b) identify the sites included in the revised bid;

(c) disclose whether any economic terms from the Bidder's prior submitted asset purchase agreement have changed (including, without limitation, purchase price, assumed liabilities, per-site reduction amounts, or closing conditions); and

(d) identify the leases assigned to each tier and the corresponding Tier 1 Price, Tier 2 Price, and Tier 3 Price.

6. **Debtors' Right to Modify Procedures.** The Debtors reserve the right, after consulting with the Consultation Parties, to modify these Auction Procedures during the Auction in their business judgment if they determine such modification is in the best interests of the estates. Modifications may include, without limitation:

- adjustment of topping bid increments;
- imposition of a deadline for submission of subsequent topping bids;
- extension of bidding rounds; and
- conversion to a sealed-bid format.

## IV. POST-AUCTION STEPS

1. **Announcement of Results.** At the conclusion of the Auction, the Debtors will, after consulting with the Consultation Parties, announce the Bidder whose final bid constitutes the highest or otherwise best offer for the Purchased Assets (the "**Successful Bidder**") and the other Bidder (the "**Back-Up Bidder**"). Prior to the announcement, both Bidders shall have submitted executed copies of their respective purchase agreements.

2. **No further Bidding**. No Bidder may submit any further bids after announcement of the Successful Bidder.

3. **Notice of Successful Bidder.** Within twenty-four (24) hours of the Auction's conclusion, the Debtors will (a) file a notice of the Successful Bidder, identifying the Successful Bidder, the Back-Up Bidder, and the leases and contracts included in the Successful Bid, and (b) serve notice on all landlords whose unexpired leases are included in the Successful Bid, identifying the Successful Bidder and directing landlords to submit written requests for adequate assurance information to Robbie McLellarn (RMcLellarn@reedsmith.com) and Josh Caldwell (jcaldwell@stout.com) (together, the "**Adequate Assurance Contacts**").

4. **First Sale Hearing.** The Bankruptcy Court will hold a hearing to approve the sale of the leases previously noticed under the Sale Motion (Dkt. No. 39) to the Successful Bidder (the "**First Sale Hearing**") on September 1, 2026, at 10:00 a.m. Central Time, or such other date and time as the Court may set.

5. **Second Sale Hearing.** The Bankruptcy Court will hold a hearing to approve the sale of all remaining leases included in the Successful Bid that were not the subject of the First Sale Hearing, and to resolve any objections to adequate assurance of future performance (the "**Second Sale Hearing**") on September 21, 2026 at 1:00 p.m. Central Time.

6. **Adequate Assurance of Future Performance.** With respect to the Second Sale Hearing, any landlord whose lease is included in the Successful Bid and who was not previously noticed under the Sale Motion (Dkt. No. 39) may request adequate

assurance of future performance information from the Successful Bidder by submitting a written request to the Adequate Assurance Contacts within two (2) business days of receipt of the notice described above. The Adequate Assurance Contacts shall collect adequate assurance information from the Successful Bidder and deliver it to the requesting landlord (and its counsel, if known) within twenty-four (24) hours after receipt of such landlord's written request. Any objection by a landlord to the adequate assurance of future performance of the Successful Bidder must be filed no later than two (2) business days before the Second Sale Hearing.

7. **Sale Order.** At the First Sale Hearing and/or the Second Sale Hearing, the Debtors will seek entry of one or more orders approving the sale of the Purchased Assets to the Successful Bidder (each, a "**Sale Order**").

8. **Leases Not Included in Successful Bid.** Leases and contracts not included in the Successful Bid will remain available for sale at the Western Group auction (October 1, 2026) and the Central Group auction (October 2, 2026) under the Bidding Procedures Order (Dkt. No. 133), with a Sale Hearing on October 14, 2026.

## V. CONSENT TO JURISDICTION

By participating in the Auction, each Bidder shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court pursuant to 28 U.S.C. §§ 157 and 1334, and waived any right to a jury trial, in connection with any disputes relating to these Auction Procedures, the conduct of the Auction, and the authorization and consummation of the sale of the Purchased Assets.

## VI. RESERVATION OF RIGHTS

Nothing in these Auction Procedures shall be construed to limit: (a) the Debtors' fiduciary obligations under applicable law; (b) the rights of any party in interest to seek relief from the Bankruptcy Court, including the right to object to the approval of any sale; or (c) the Bankruptcy Court's authority to enter orders modifying these Auction Procedures or granting other appropriate relief as circumstances may warrant.

# EXHIBIT 2

## (NOTICE OF AUCTION RESULTS AND SUCCESSFUL BIDDER)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **And Go Concepts, LLC, *et al.*,** | § | **Case No. 26-90753 (ARP)** |
| **Debtors.** | § | **(Jointly Administered)** |

**NOTICE OF AUCTION RESULTS AND SUCCESSFUL BIDDER**

PLEASE TAKE NOTICE that on August 31, 2026, the above-captioned debtors and debtors in possession (the "**Debtors**") conducted an Auction between Dutch Bros and 7 Brew to determine the Successful Bidder for the sale of the Purchased Assets (as defined in the Bulk Sale Motion [Docket No. 39]) pursuant to the Auction Procedures approved by the Court's Order [Docket No. [__]].

PLEASE TAKE FURTHER NOTICE that [_________] was designated the Successful Bidder at the conclusion of the Auction.

The material terms of the Successful Bid are as follows:

- Successful Bidder: [______________]
- Purchase Price: $[______________]
- Number of Sites: [___]
- Leases and Contracts Included in Successful Bid: [Attached schedule or list]
- Other Material Terms: [______________]
- Back-Up Bidder: [______________]

PLEASE TAKE FURTHER NOTICE that a hearing will be held on the Debtors' motion to assume and assign the leases and contracts identified in the attached schedule (the "**Assigned Agreements**") on September 21, 2026, at 1:00 p.m. (Central Time) (the "**Second Sale Hearing**"). The Debtors will deliver to counterparties by overnight mail a schedule of the amounts the Debtors

believe are necessary to cure any defaults of the Assigned Agreements no later than September 2, 2026.

PLEASE TAKE FURTHER NOTICE that landlords and counterparties to the Assigned Agreements may request adequate assurance information from Robbie McLellarn (RMcLellarn@reedsmith.com) and Josh Caldwell (jcaldwell@stout.com) (together, the "**Adequate Assurance Contacts**") within two (2) business days of the date of this Notice of Successful Bidder. The Adequate Assurance Contacts will deliver the materials to the requesting landlord (and its counsel, if known) within twenty-four (24) hours of receipt of the landlord's written request.

PLEASE TAKE FURTHER NOTICE that any objection to the assumption and assignment of the Assigned Agreements for any reason, including cure or adequate assurance objections, must be filed no later than **September 17, 2026**.

Dated: August 31, 2026

*/s/*

**REED SMITH LLP**
Omar J. Alaniz (24040402)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Fax: 469.680.4299
E-mail: oalaniz@reedsmith.com

**REED SMITH LLP**
Amalia Sax-Bolder (admitted *pro hac vice*)
1900 Lawrence Street, Suite 2800
Denver, CO 80202
Telephone: 303.552.3800
Fax: 303.552.3799
E-mail: asaxbolder@reedsmith.com

*Proposed Counsel for Debtors and Debtors in Possession*