**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | CASE NO. 26-90753 |
| | § | |
| And Go Concepts, LLC,, et al., | § | CHAPTER 11 |
| | § | |
| Debtors. | § | |
| | § | |

**SPACE DOG, LLC'S OBJECTION AND RESERVATION OF RIGHTS CONCERNING THE PROPOSED ASSUMPTION AND ASSIGNMENT OF LEASE FOR STORE 1150**

Space Dog, LLC ("Landlord"), by and through undersigned counsel, files this *Objection and Reservation of Rights Concerning the Proposed Assumption of Lease for Store 1150* (the "Objection") to the above-captioned debtors, (the "Debtors") proposed assumption and assignment of Landlord's lease with Debtor And Go Concepts, LLC. In support of this objection, Landlord states as follows:

BACKGROUND

1. On August 4, 2026, and August 5, 2026 (collectively, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (this "Court").

2. No trustee or examiner has been appointed, and Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. On August 6, 2026, Debtors filed Debtors' *Amended Motion for Entry of an order (I) Approving the Sale of Material Assets of the Debtors' leasehold Portfolio Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with such Sale, and (III) Granting Related Relief* at Dkt. No. 39 (the "Sale Motion").

4. The Sale Motion identifies for assumption and assignment, that certain Ground Lease dated July 20, 2021, (the "Lease") between And Go Concepts, LLC ("Lessee") and SW-DevCo 1, LLC ("Original Landlord") related to that certain nonresidential real property located at

1754 W. Hunt Highway, San Tan Valley, AZ 85143, "Store 1150" (the "Leased Premises"). The Original Landlord's interest in the Ground Lease was assigned to Lessor pursuant to that certain Assignment of Lease dated December 28, 2022. (A copy of the Ground Lease is attached hereto as Exhibit A, and the Assignment is attached as Exhibit B).

5. The Sale Motion identifies the Cure Amount necessary for the assignment of the Lease as $8,333,33 (the "Cure Amount") (*See* Sale Motion at Exhibit E). The Cure Amount does not provide for payment of, among other things, CAM charges, Property Taxes, Insurance as required by the Lease. Landlord disputes the proposed cure amount. By way of example, the Tenant has not paid taxes owing for 2024 and 2025.

6. Pursuant to the Sale Motion, the Lease of the Leased Premises will be assumed and assigned to Boersma Bros. LLC, an Oregon limited liability company doing business as Dutch Bros Coffee.

7. The Lease provides that the initial use of the Leased Premises was "for the operation of a Salad and Go store . . ." Furthermore, the Lease requires that "[a]ny change in Permitted Use requires Lessor's prior written consent, which consent shall not be unreasonably withheld, delayed or conditioned. Lessee agrees that Lessor's withholding consent to a change in Permitted Use will not be unreasonable if such withholding is on account of such change in Permitted Use resulting [sic] in Lessor being in violation of any valid, existing and enforceable rights of third-parties, including, without limitation, applicable use restrictions, CC&R's or zoning ordinances." (Section 4 of Lease).

8. Assignment of the Lease or the Leased premises are not permitted without the consent of the Landlord. (Section 20 of the Lease).

9. Landlord objects to the Debtors' proposed assumption and assignment of the Lease to Dutch Bros. Coffee on the basis that it impairs, limits, and/or modifies Landlord's rights under the Lease, the Bankruptcy Code and applicable law.

10. Landlord objects because the Debtors have failed to satisfy the requirements for assumption and assignment set forth in Section 365(b)(3) of the Bankruptcy Code including, but not limited to, providing adequate assurance of future performance information to Landlord.

11. The Landlord further objects because the Tenant has failed to make all prepetition lease payments and other obligations under the Lease.

12. To be clear, Landlord does not object to the assignment of the Lease to Boersma Bros. LLC provided that all defaults and Lease arrearages are cured in their entirety and Debtor and the proposed assignee provide adequate assurance of future performance.

OBJECTION

13. Landlord is entitled to the benefit of its bargain under the Lease and is entitled to the full protections provided by section 365 of the Bankruptcy Code. *See, e.g., In re Entertainment, Inc*., 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). The Debtors and Dutch Bros. Coffee, as the proposed assignee, must strictly comply with all the terms and conditions of the Lease. 11 U.S.C. § 365(d)(3); *see, e.g., In re new Almacs, Inc*., 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996); *In re C.A.F. Bindery, Inc*., 199 B.R. 828, 831 (Bankr. S.D.N.Y. 1996) (each recognizing that section 365(d)(3) of the Bankruptcy Code imposes an affirmative duty on a debtor to comply with all its leasehold obligations).

14. Pursuant to § 365(b)(1) of the Bankruptcy Code when seeking to assume and assign an unexpired lease agreement a debtor must first cure all existing defaults or provide the lessor with adequate assurance that it will promptly cure those defaults. Section 365(b)(1) states, in relevant part,

> (1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default . . .
>
> 11 U.S.C. § 365(b)(1).

15. Thus "Section 365(b)(1) is intended to provide protection to the non-debtor lessor to insure that he receives the full benefit of his bargain in the event of assumption." *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985) (*citing In re Lafayette Radio Electronics Corp.*, 7 B.R. 189, 191 (Bankr. E.D.N.Y. 1980). As noted by another court, "the price for securing the potential margin of benefit through assumption of an executory contract may be high. Indeed, the cost of assumption is nothing short of complete mutuality and requires performance in full just as if bankruptcy had not intervened." *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992).

16. The Bankruptcy Code § 365(b)(1) measures defaults as of the "time of assumption." *See, e.g., In re Rachels Industries, Inc.,* 109 B.R. 797, 811-12 (Bankr. W.D. Tenn. 1990). Accordingly, in order to assume the Lease, assuming party is obligated to pay all outstanding amounts due under the Lease <u>at the time of assumption</u>.

17. The Sale Motion [Dkt 39] improperly seeks to set the cure amount under the Lease at one month's rental obligations. Furthermore, the Lease is a "triple net" lease under which the Debtors much pay rent and all other charges (i.e. CAM charges, insurance, property tax). None of those additional charges are reflected in Exhibit E to the Sale Motion.

18. Similarly, the Debtors and assignee provide no evidence of adequate assurance of future performance of the Lease. The Landlord joins the objections of other parties which have already spoken on this point.

## RESERVATION OF RIGHTS

19. To be clear, Landlord does not object to the proposed assumption and sale, but objects to any assignment that does not cure any Lease arrears in full upon assumption. Landlord also reserves the right to seek and recover all attorneys' fees and costs in connection with any disputes in connection with or related to the assumption and assignment of the Lease.

20. Nothing in this Objection is intended to be, or should be construed as, a waiver by Landlord of any of its rights under any of the Lease, the Bankruptcy Code, or applicable law. Landlord expressly reserves all such rights, including, without limitation, the right to: (a)

supplement and/or amend this Objection and to assert any additional objections to any proposed assumption and assignment of the Lease and (b) assert any further objections as it deems necessary or appropriate as it relates to the Lease and/or the interests of Landlord.

WHEREFORE, Landlord respectfully requests that this Court sustain this Objection and Order that no assumption or assignment of the Lease shall be authorized unless and until:

(1) all defaults and Lease arrears are cured in full;

(2) the final cure amount is paid;

(3) adequate assurance of future performance is established; and

(4) all requirements of Section 365(b)(3) of the Bankruptcy Code and all applicable provisions of the Lease are satisfied, and grant Landlord such other relief as this Court deems just and appropriate under the circumstances.

Dated: August 31, 2026

Respectfully submitted,

**THE CAVANAGH LAW FIRM P.A.**
1850 N. Central Ave., Suite 1900
Phoenix, AZ 85004
(602) 322-4000
(602) 322-4100 Facsimile

By: *<u>/s/ Randy Nussbaum</u>*
Randy Nussbaum
Admitted Pro Hac Vice
AZ State Bar No. 006417
*Counsel for Creditor*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 31, 2026, a true and correct copy of the foregoing document will be served via the Court's CM/ECF Noticing System to all parties registered for service in this matter.

*<u>/s/ Randy Nussbaum</u>*
<u>Randy Nussbaum</u>