**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **And Go Concepts, LLC, *et al.*,** | § | **Case No. 26-90753 (ARP)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |
| | § | |

**DEBTORS' MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR SALES OF CERTAIN DE MINIMIS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

And Go Concepts, LLC, and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") respectfully represent as follows in support of this motion (the "**Motion**"):

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "**De Minimis Procedures Order**"), approving a process for the Debtors to sell various de minimis

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are And Go Concepts, LLC (4415); SAG Corporate Services LLC (0810); AGC-Arizona Facilities, LLC (7507); AGC-North Texas Facilities, LLC (7091); Garland New Market LLC (6838); AGC Topco, LLC (6845); and AGC Holdco, LLC (0294). The location of the Debtors' service address for purposes of these chapter 11 cases is 909 E. Broadway Road, Tempe, AZ 85282. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/AndGoConcepts.

assets for the benefit of their estates. Specifically, the Debtors seek approval of narrowly tailored procedures (the "**De Minimis Sale Procedures**") to sell certain assets, including, but not limited to, equipment, furniture, supplies, perishables, fixtures, retail merchandise, inventory, and other de minimis personal property (collectively, the "**De Minimis Assets**"), that may not be necessary for the Debtors' winddown of their estates.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference to Bankruptcy Judges from the United States District Court for the Southern District of Texas, entered May 24, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and procedural predicates for the relief requested herein are sections 105(a), 363(b), 363(f), 363(m), 365, and 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Bankruptcy Local Rules for the Southern District of Texas (the "**Local Rules**").

## BACKGROUND

4. On the Petition Date, the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On August 24, 2026, the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors (the "**Committee**") [Dkt. No. 154].

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the Declaration

of Fritz Gallagher in Support of Chapter 11 Petitions and First-Day Pleadings (the "**First Day Declaration**").

7. The Debtors filed the Bulk Sale Motion on August 6, 2026 [Dkt. No. 39] (the "**Bulk Sale Motion**"), seeking Court approval of a sale of leasehold interests, including fifty-one (51) Salad and Go drive-thru locations in Arizona and Nevada and certain additional leases in Texas and Oklahoma (collectively, the "**Bulk Purchased Assets**"), originally to Boersma Bros. LLC, an Oregon limited liability company doing business as Dutch Bros ("**Dutch Bros**"), under the Dutch Bros APA (as defined in the Bulk Sale Motion).

8. On August 19, 2026, the Court entered an order separately approving bidding procedures for the sale of the Debtors' Non-Bulk Assets[2] [Dkt. No. 133] (the "**Non-Bulk Procedures Order**").

9. The Debtors intend to sell their material assets pursuant to the Bulk Sale Motion and the Non-Bulk Procedures Order. This Motion is meant to allow the Debtors to sell whatever is left over as efficiently as possible.

## <u>De Minimis Sale Procedures</u>

### A. De Minimis Assets

10. In the exercise of their sound business judgment, the Debtors have determined that the prompt sale or transfer for consideration, some of which may be waiver of claims (each, a sale) of the De Minimis Assets, without the need for motions, hearings and subsequent Court approval, subject to certain procedures set forth herein, is in the best interest of the Debtors' stakeholders, and will enable the Debtors' estates to maximize the value of the De Minimis Assets.

---

[2] The Non-Bulk Procedures Order uses the term "Assets" but such term will be defined as "Non-Bulk Assets" for purposes of this Motion.

11. The Debtors desire to sell the De Minimis Assets in order to, among other things, eliminate costs associated with maintaining unnecessary assets, provide for prompt sales of De Minimis Assets located on leased premises, and preserve and maximize the value of their estates.

12. The De Minimis Assets have a modest value in relation to the Debtors' overall business operations and assets. The Debtors believe that the asset sale procedures set forth below will conserve the resources of both this Court and the Debtors' estates by avoiding the need for numerous motions to approve relatively modest sales. The Debtors submit that the entry of an order authorizing sales of the De Minimis Assets without further notice or hearing, other than as set forth below, is warranted under these circumstances and in furtherance of efficient administration of these Chapter 11 Cases.

**B. De Minimis Assets Sale Procedures**

13. In connection with the sale of the De Minimis Assets, the Debtors seek authorization to sell such De Minimis Assets (each, a "**Proposed De Minimis Asset Sale**") pursuant to the following procedures (collectively, the "**De Minimis Asset Sale Procedures**"):[3]

a. If the sale consideration from a purchaser of the De Minimis Assets does not exceed $25,000, on a per-transaction basis, and if the sale is not to an insider (as defined in section 101(31) of the Bankruptcy Code), the Debtors may sell the assets upon providing written notice of the asset to be sold, the specific estate selling the asset, the proposed purchase price, the buyer's name, and any commission, fees, or other customary expenses to be paid in connection with such transaction via electronic mail or facsimile, to (i) the U.S. Trustee, (ii) any party known to the Debtors to claim or hold liens, claims, encumbrances or other interests in the De Minimis Assets (the "**Lien Claimants**"), (iii) counsel to Twelve Bridge Capital, LLC ("**DIP Lender**"), and (iv) Lowenstein Sandler LLP and McDermott Will & Schulte LLP, as proposed counsel to the Committee (together with the U.S. Trustee, the Lien Claimants and the DIP Lender, collectively the "**Notice Parties**"), which shall have five (5) business days (unless extended by agreement from the Debtors) from the date of such notice to inform the Debtors in writing that they object to the proposed sale described in this subparagraph; <u>provided</u>, <u>however</u>, that

---

[3] Nothing in this Motion, the proposed order submitted with this Motion, any Order entered approving this Motion, or the De Minimis Asset Sale Procedures shall prohibit the Debtors from filing one or more motions to approve a sale of assets.

to the extent the aggregate sale consideration for any single transaction or series of related transactions to a single buyer or group of related buyers exceeds $25,000 but is equal to or less than $100,000, the procedures in subparagraph (b) below shall apply. If no written objection is received from any Notice Party or any interested party who otherwise receives notice ("**Party in Interest**"), the Debtors may consummate the Proposed De Minimis Asset Sale, without further notice to any other party and without the need for a hearing or further Court order. If a timely written objection is received from the Notice Parties or any Party in Interest, the Debtors shall comply with the procedures set forth in subparagraph (e) below. The De Minimis Asset Sale Procedures shall not apply to the sale of any assets to insiders.

b. If the sale consideration from a purchaser for the De Minimis Assets, on a per-transaction basis, exceeds $25,000, but is equal to or less than $100,000, the Debtors will file with the Court a notice, substantially in the form attached as **Exhibit 1** to the proposed form of Order approving this Motion, of such Proposed De Minimis Asset Sale (a "**De Minimis Asset Sale Notice**") and serve such De Minimis Asset Sale Notice by ECF notice or other email, if available (or by first class U.S. mail, postage prepaid if ECF notice or other email is not available) on the Notice Parties and those parties, as of the date of such notice, who have filed in these chapter 11 cases a notice of appearance and request for service of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Rule 2002 Parties**").

c. The De Minimis Asset Sale Notice, to the extent the Debtors have such information, will include: (i) a description of the De Minimis Assets that are the subject of the Proposed De Minimis Asset Sale; (ii) the location of the De Minimis Assets; (iii) the economic terms of sale; (iv) the identity of any non-estate party to the Proposed De Minimis Asset Sale and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; and (v) the identity of any Lien Claimant known to the Debtors.

d. The Notice Parties, Rule 2002 Parties, and Parties in Interest shall have seven (7) business days (unless extended by agreement from the Debtors) after the De Minimis Asset Sale Notice is filed and served to advise Debtors' counsel in writing with specific and particular bases that they object to the Proposed De Minimis Asset Sale described in such De Minimis Asset Sale Notice (as used in these De Minimis Asset Sale Procedures, the "**Objection Deadline**"). If no written objection is received by the Objection Deadline, the Debtors may consummate the Proposed De Minimis Asset Sale, without further notice to any other party and without the need for a hearing or further Court order.

e. If a written objection to a Proposed De Minimis Asset Sale is timely received by the Objection Deadline, the Debtors will not proceed with the Proposed De Minimis Asset Sale unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the Proposed De Minimis Asset Sale over the objection.

f. All buyers will acquire the De Minimis Assets sold by the estates pursuant to these De Minimis Asset Sale Procedures on an "AS IS-WHERE IS" basis without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended or any other purposes; provided, however, that buyers will take title to the De Minimis Assets free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests, if any, to attach to the net proceeds of the sale of the De Minimis Assets, with the same validity, force, and effect which they had against such De Minimis Assets prior to the sale.

g. Good faith purchasers of the De Minimis Assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

h. If the terms of a proposed sale are materially amended (in the reasonable judgment of the Debtors) after transmittal of the written notice or De Minimis Asset Sale Notice, but prior to the applicable deadline of the right of any Notice Parties, Rule 2002 Parties, or Parties in Interest to object to such sale of the De Minimis Assets, the Debtors will send (email sufficient) the amended notice to the respective parties, after which the parties shall have an additional three (3) calendar days to object to such sale prior to closing such sale or effectuating such transaction.

i. The absence of a timely objection to the sale of the De Minimis Assets in accordance with the De Minimis Asset Sale Procedures shall be "consent" to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

## BASIS FOR RELIEF

### A. Some of the Sales of De Minimis Assets May Be Ordinary Course Transactions

14. Section 363(c) of the Bankruptcy Code provides that, if the business of the debtor is authorized to be operated, the debtors "may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). A transaction is in the ordinary course of business if it is "of the sort commonly undertaken by companies in [the debtor's] industry" and it does not subject a hypothetical creditor "to economic risk of a nature different from those he accepted when he decided to extend credit." *In re Roth Am., Inc.*, 975 F.2d 949, 952–53 (3d Cir. 1992).

15. Selling certain De Minimis Assets is in the ordinary course of the Debtors' businesses, and the Debtors and similar companies in the industry often sell such assets when they are no longer needed. Accordingly, the Debtors respectfully submit that the Court should approve the proposed sale procedures as involving ordinary course transactions under section 363(c)(1) of the Bankruptcy Code.

**B. The Sales of the De Minimis Assets is an Exercise of the Debtors' Sound Business Judgment**

16. To the extent any sale of De Minimis Assets is not in the ordinary course, section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that the debtors, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Additionally, section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under the Bankruptcy Code. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of its section 105(a) power is proper. *In re Fesco Plastics Corp.*, 996 F.2d 152, 154 (7th Cir. 1993); *Pincus v. Graduate Loan Ctr.* (*In re Pincus*), 280 B.R. 303, 312 (Bankr. S.D.N.Y. 2002). Pursuant to section 105(a), a court may fashion an order or decree that helps preserve or protect the value of a debtor's assets. *See*, *e.g.*, *Chinichian v. Campolongo* (In re Chinichian), 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *In re Cooper Props. Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that the bankruptcy court is "one of equity and as such it has a duty to

protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

17. There is more than ample business justification for the approval of the De Minimis Asset Sale Procedures and the respective sales of the De Minimis Assets. The sales of the De Minimis Assets will inure to the benefit of the estates and creditors, as they will further the Debtors' efforts to effectively and efficiently administer their estates, and reduce the administrative and professional costs associated with sales.

18. The Debtors' proposed sales of the De Minimis Assets are in "good faith." No insider will gain an unfair advantage from the sales pursuant to the De Minimis Asset Sale Procedures, as the Debtors will entertain and review all offers to determine the highest and best offer received, and will not give preference to an offer from an insider over a better offer from another proposed buyer. To the extent an insider submits an offer for any De Minimis Assets, the Debtors' independent board manager shall determine in their sole discretion whether to proceed with the sale.

19. Moreover, as set forth above, the Debtors will provide the Notice Parties with a reasonable opportunity to review, among other things, the adequacy of the proposed price to be paid for any sale of De Minimis Assets in accordance with the De Minimis Asset Sale Procedures.

20. The notice and objection procedures contained in the De Minimis Asset Sale Procedures are reasonable and justified under the circumstances of these cases. The De Minimis Asset Sale Procedures are designed to maximize the net value realized from the sales of the De Minimis Assets due to the reduced administrative costs incurred in connection with the sales. Additionally, the manner of notice proposed in the De Minimis Asset Sale Procedures is more than appropriate and preserves parties' due process rights. The Debtors will serve notice of each

Proposed De Minimis Asset Sale on the Notice Parties and the Rule 2002 Parties, as applicable, as provided for in the De Minimis Asset Sale Procedures. As such, all of the key constituencies in these cases and any party whose rights may be affected by a proposed sale will receive adequate notice under the particular circumstances of the Proposed De Minimis Asset Sale.

21. Given that the sales of the De Minimis Assets are expected to be of relatively little value, the usual process of obtaining Court approval of each individual sale would impose unnecessary administrative burdens on the Court, would be prohibitively expensive to the Estates, and in some instances may hinder the Debtors' ability to take advantage of sale opportunities that are available only for a limited time, for example in connection with retail stores with food products having an expiration date. Finally, as noted above, the "notice and a hearing" requirement contained in section 363(b)(1) of the Bankruptcy Code is satisfied absent a hearing where there is an opportunity for a hearing and no party in interest timely requests a hearing. 11 U.S.C. § 102(1).

**C. The Sales of the De Minimis Assets Should Be Approved Under Section 363(f) of the Bankruptcy Code**

22. Pursuant to section 363(f) of the Bankruptcy Code, the Debtors may sell property of their estates free and clear of any and all liens, claims or interests in such property if (i) such a sale is permitted under applicable non-bankruptcy law, (ii) the party asserting such a lien, claim or interest consents to such sale, (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. 11 U.S.C. § 363(f); *see In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (section 363(f) written in disjunctive; court may approve sale "free and clear" provided at least one of the subsections is met).

23. The Debtors do not expect any parties to object to the relief requested in this Motion. Accordingly, the requirements of section 363(f)(2) of the Bankruptcy Code would be met, and the proposed dispositions of the De Minimis Assets should be approved "free and clear" of any such liens, claims or interests, with any such liens to attach to the proceeds of the sale. Further, the Notice Parties include all known parties holding or asserting liens, claims, encumbrances or other interests in the assets being sold, and the De Minimis Asset Sale Procedures provide that the absence of a timely objection to the sale of the De Minimis Assets in accordance therewith shall be "consent" to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

**D. Courts in this Circuit Have Approved Similar Procedures**

24. In light of the benefits of streamlined procedures to sell De Minimis Assets and the legal justifications described above, courts in this Circuit have approved procedures similar to the De Minimis Asset Sale Procedures in other bankruptcy cases. *See*, *e.g.*, *In re Chesapeake Energy Corporation*, No. 20-33233 (Bankr. S.D. Tex. Aug. 12, 2020) (DRJ) (authorizing sales up to $5 million without further court order); *In re Epic Companies*, No. 19-34752 (Bankr. S.D. Tex. Oct. 17, 2019) (DRJ) (authorizing sales up to $50,000 without further court order); *In re PetroQuest Energy, Inc.*, No. 18-36322 (Bankr. S.D. Tex. Nov. 28, 2018) (DRJ) (authorizing sales up to $250,000 on an expedited basis); *In re iHeartMedia, Inc.*, No. 18-31274 (Bankr. S.D. Tex. June 21, 2018) (MI) (authorizing sales up to $15 million without further court order).

**NOTICE**

25. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to Dutch Bros; (c) counsel to Brew Culture, LLC; (d) counsel to the Official Committee of Unsecured Creditors; (e) all parties requesting notice pursuant to Bankruptcy Rule 2002; and (f) all parties in interest who have filed a notice of

appearance in these Chapter 11 Cases. Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

**CONCLUSION**

26. The Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion, and such other and further relief as may be just and proper.

Dated: September 3, 2026
Houston, Texas

Respectfully submitted,

*/s/ Omar J. Alaniz*

**REED SMITH LLP**
Omar J. Alaniz (24040402)
Haley B. Bray (24143584)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Fax: 469.680.4299
E-mail: oalaniz@reedsmith.com
hbray@reedsmith.com

**REED SMITH LLP**
Amalia Sax-Bolder (*pro hac vice* pending)
1900 Lawrence Street, Suite 2800
Denver, CO 80202
Telephone: 303.552.3800
Fax: 303.552.3799
E-mail: asaxbolder@reedsmith.com

*Proposed Counsel for Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on September 3, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

*/s/ Omar J. Alaniz*
Omar J. Alaniz