**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **And Go Concepts, LLC, *et al.*,** | § | **Case No. 26-90753 (ARP)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND PROPOSED CURE AMOUNTS**

**COMES NOW** Greens R Good, LLC ("**GRG**"), by and through its counsel, Singer & Levick, P.C., and files this *Limited Objection and Reservation of Rights to Debtors' Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases and Proposed Cure Amounts* ("**Objection**") and, in support of same, would respectfully show as follows:

## BACKGROUND

1. On August 4, 2026 ("**Petition Date**"), And Go Concepts, LLC, and its affiliated entities (together, "**Debtors**") filed voluntary Petitions for Chapter 11 protection under Title 11 of the UNITED STATES BANKRUPTCY CODE ("**Bankruptcy Code**").

2. Prior to the Petition Date, on June 29, 2023, GRG (as "**Landlord**") and Debtor And Go Concepts, LLC (as "**Tenant**") entered into a 20-year NNN Lease ("**Lease**") for the property located at 4751 S. Custer Road, McKinney, Texas, and identified as Store #1440 by the Tenant

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are And Go Concepts, LLC (4415); SAG Corporate Services LLC (0810); AGC-Arizona Facilities, LLC (7507); AGC-North Texas Facilities, LLC (7091); and Garland New Market LLC (6838). The location of the Debtors' service address for purposes of these chapter 11 cases is 909 E. Broadway Road, Tempe, AZ 85282. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/AndGoConcepts.

("**Premises**"). On or about June 29, 2023, AGC Holdco, LLC ("**Guarantor**") entered into a Corporate Guaranty with Landlord, guaranteeing the payment and performance of Tenant under the Lease.

3. On August 27, 2026, Debtors filed their *Emergency Motion for Entry of (I) an Amended Order (A) Approving Auctions and Bidding Procedures, (B) Scheduling Certain Dates and Deadlines, (C) Approving Stalking Horse Procedures, (D) Approving Abandonment and Disposition Procedures and (E) Approving the Form and Manner of Notice Thereof; (II) An Order (A) Authorizing the Non-Bulk Sale of the Assets Free and Clear of all Encumbrances and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* ("**Sale Motion**") (**Dkt.196**).

4. On September 1, 2026, the Court entered the *Amended Order (I)(A) Approving Bidding Procedures, (B) Scheduling Certain Dates and Deadlines, (C) Approving Stalking Horse Procedures, and (D) Approving the Form and Manner of Notice Thereof; (II)(A) Authorizing the Non-Bulk Sale of the Assets Free and Clear of all Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Approving Abandonment and Disposition Procedures; and (III) Granting Related Relief* ("**Non-Bulk Sale Order**") (**Dkt.240**).

5. On September 2, 2026, Debtors filed the *Notice of Proposed Sale of Debtors' Lease Portfolio and Related Assets, Bidding Procedures, Auctions, Sale Hearings, and Related Deadlines (Non-Bulk)* ("**Non-Bulk Notice**") (**Dkt.249**).

6. On September 2, 2026, Debtors filed their *Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases and Proposed Cure Amounts* ("**Cure Notice**") (**Dkt.250**). Landlord's Lease is listed on Exhibit A (Supplemental Cure Schedule) as a

potential assumed non-residential lease with a cure amount of **$11,250.00** ("**Proposed Cure Amount**") (**Dkt.250-1;P3;Line92**).

7. On September 3, 2026, Debtors filed their *Revised Notice of Proposed Sale of Debtors' Lease Portfolio and Related Assets, Bidding Procedures, Auctions, Sale Hearings, and Related Deadlines* ("**Revised Notice**") (**Dkt.276**).

**CURE OBJECTION AND BASIS THERE**

8. Section 365 of the Bankruptcy Code provides the standard for assuming executory contracts and unexpired leases. All defaults, both pre-petition and post-petition, must be cured in connection with an assumption. Section 365(b)(1)(C) of the Bankruptcy Code also requires that the Debtor "provides adequate assurance of further performance under" the Lease. As the auction for the Non-Bulk assets has not yet occurred, Landlord does not have any information on who the potential buyer will be, nor has any information concerning any potential buyers been provided.

9. Prior to the date of any assumption or assignment, and regardless of when those amounts accrue, pursuant to the contractual obligations of the Lease, other amounts such as common area maintenance, taxes, insurance and potentially other amounts, including any periodic adjustment of charges, may come due to the Landlord. Either any cure amount should include any unpaid amounts which accrue prior to the date of any assumption and assignment, or the Debtors or proposed buyer must be responsible for payment of these amounts.

10. Additionally, post-petition rental obligations will continue to be incurred by Debtors until any sale of Debtors' assets and any potential assumption and assignment of Landlord's Lease. Any proposed assumption must include an agreement by the proposed buyer to be responsible for such unpaid post-petition rental obligations.

11. Landlord is not objecting to the assumption and assignment of its Lease, but rather files this Objection for the purpose of objecting to the entry of any Order that sets the Proposed Cure Amount listed in the Cure Notice as the final cure amount for its Lease.

12. The Proposed Cure Amount does not include amounts that may become due under the Lease after the date of the assumption and assignment that relate to the pre-assumption and assignment period (i.e., real estate taxes, etc.). The Proposed Cure Amount for the Lease is listed in the Cure Notice as $11,250.00 which is for August 2026 rent. However, the Proposed Cure Amount does not include any charges which have accrued but have not yet been billed. Taxes are accrued and paid directly by the Tenant once a year. The Taxing Authority has not completed and billed Landlord for the 2026 taxes as of the filing of this Objection. Typically, the taxes are billed in October or November and due by January 31st of the following year. Any proposed assumption must include an agreement by the proposed buyer to be responsible for such 2026 Estimated Taxes along with the actual tax amounts which are billed.

13. Additionally, there may also be unknown and/or unasserted claims that may exist presently or may exist in the future against the Landlord for which the Debtors may be obligated to indemnify and defend the Landlord. Landlord reserves its rights under the Lease and all applicable law to assert a claim for any and all amounts which may be due and owing for any currently unknown and/or unasserted claim against the Landlord that may presently exist or may exist in the future for which the Debtors may be obligated to indemnify and defend the Landlord. Any assumption of the Lease must include these obligations.

14. To assume an executory contract or unexpired contract, a debtor-in-possession must, at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of

future performance under the contract. 11 U.S.C. § 365(b)(1). When assuming a contract, the debtor must do so *cum onere*, with all the burdens as well as the benefits. *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("[s]hould the debtor in possession elect to assume the executory contract, … it assumes the contract cum onere"); *In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3d Cir. 2007) (citations omitted). If a contract is proposed to be assigned to a purchaser or other third party, the requirement of adequate assurance of future performance is applicable to such assignee. *See* 11 U.S.C. § 365(f)(2)(B); *In re Fleming Companies, Inc.*, 499 F.3d at 305.

15. Accordingly, any Order that is entered establishing a cure amount with respect to the Lease must require the Debtors to (1) pay Landlord its actual cure amount, (2) comply with all obligations under the Lease pursuant to 11 U.S.C. § 365(d)(4) pending the actual assumption of the Lease, (3) cure any additional defaults that may occur under the Lease between the date of this Objection and the effective date of any assumption by the Debtors (*see* 11 U.S.C. §365(b)(1) or an assumption and assignment to a proposed buyer, (4) ensure that any proposed buyer or Debtors will be expressly responsible and liable for the payment of any charges that come due under the Lease post-assumption and assignment, but that may relate to a pre-assumption and assignment period, which include the reconciliations for the 2026 Taxes which will not come due until billed later this year, and (5) not allow any proposed buyer to assign the Lease to an affiliate without the consent of the Landlord.

## RESERVATION OF RIGHTS

16. Landlord reserves its rights to supplement this Objection prior to any final determination by the Court regarding assumption and assignment of its Lease, including the

amount and payment required for purposes of cure under Section 365 of the BANKRUPTCY CODE, as well as any attorneys' fees and costs which may be payable under the terms of the Lease.

17. Landlord further reserves the right to object to any other relief sought by the Debtors in connection with any proposed assignment including, without limitation, any proposed showing of adequate assurance of future performance for any purchaser if assigned. Currently, the Debtors are in the midst of a sale process and the bid deadline is not until late September 2026, so the identity of any proposed buyer is unknown to the Landlord. Landlord reserves the right to object to such assumption and assignment unless such proposed buyer has financials at least equal to or greater than the current Tenant. Additionally, Landlord reserves the right to object to any provision of any proposed sale order which allows the proposed buyer to assign the Lease without its consent in violation of the Lease until Landlord has been provided sufficient information concerning the identity, financial condition, operational experience, capitalization, or ongoing obligations of any affiliate that may ultimately hold or operate under the Lease. Alternatively, to the extent that the Lease is assigned to a different entity other than the proposed buyer, Landlord is entitled to a corporate guaranty from the proposed buyer or the proposed buyer should remain liable under the Lease. Landlord had a Guaranty from one of the Debtors and a Guaranty is required under the Lease. Landlord is entitled to receive a tenant which has the financial condition that it bargained for.

18. Adequate assurance of future performance must be evaluated based upon the actual entity that will be responsible for performing the tenant obligations under the Lease. Where the proposed assignee retains the ability to transfer the leasehold interests to unidentified affiliates, Landlord cannot meaningfully assess whether the ultimate lease obligor will possess the financial

wherewithal, business experience, and operational capability necessary to satisfy the obligations arising under the Lease.

19. The reservation of rights by the proposed buyer to designate or transfer the Lease to an affiliate creates uncertainty as to who will be bound by, and responsible for performing, the tenant obligations under the Lease. Absent evidence regarding the financial strength and operational qualifications of those affiliates, as well as enforceable assurances that the proposed buyer will remain liable for the performance of the Lease, Debtors cannot satisfy their burden of establishing adequate assurance of future performance as required by Sections 365(b)(1) and 365(f)(2)(B) of the Bankruptcy Code.

20. This Reservation of Rights is not intended to be, nor should be construed as, a waiver by Landlord of any of its rights under the Lease, the BANKRUPTCY CODE, or applicable law. Landlord files this Objection and Reservation of Rights to reserve and preserve any and all rights it has in connection with any proposed assumption and assignment of its Lease and adequate assurance including, without limitation, issues regarding the financial condition and ability of any proposed assignee to meet the heightened requirements for assumption and assignment of contracts and leases as set forth in Section 365 of the BANKRUPTCY CODE.

**JOINDER TO OTHER LANDLORD OBJECTIONS**

21. Landlord, and to the extent not inconsistent with the Objections expressed herein, joins in any Objections and/or Responses asserted by other landlord objectors.

22. Landlord further reserves all rights to object to any other relief sought by the Debtors in connection with the Revised Notice, the Proposed Cure Amount, and/or the proposed assumption and assignment of its Lease.

23. Landlord's Objection and Joinder is not intended to be, nor should be construed as, a waiver by Landlord of any of its rights under its Lease, the Bankruptcy Code, or applicable law. Landlord files this Objection to reserve and preserve any and all rights it may have in connection with its Lease.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Landlord Greens R Good, LLC requests that the Court enter an Order:

(a) establishing the actual cure amount owed to Landlord for its Lease;

(b) requiring Debtors to comply with all obligations under Landlord's Lease pursuant to Section 365 of the Bankruptcy Code pending the actual assumption of the Lease;

(c) requiring Debtors to cure any additional defaults that may occur under Landlord's Lease between the date of this Objection and the effective date of any assumption and assignment of Landlord's Lease, or an assumption and assignment by any proposed buyer;

(d) requiring Debtors to ensure that any proposed buyer be expressly responsible and liable for the payment of any charges that come due under the Lease post-assumption and assignment, including the year-end adjustment, but that may relate to a pre-assumption and assignment period;

(e) to be prohibited from an assignment to an affiliate without the consent of the Landlord; and

(f) granting Landlord such additional and further relief as the Court deems just and proper.

**DATED: September 22, 2026**

Respectfully submitted,

SINGER & LEVICK, P.C.

By: /s/ *Michelle E. Shriro*
Michelle E. Shriro
State Bar No. 18310900

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax: 972.380.5748
Email: mshriro@singerlevick.com

ATTORNEYS FOR:
GREENS R GOOD, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties listed below, as well as via electronic mail as required by the Cure Notice, on this 22nd day of September, 2026.

| | |
|---|---|
| **DEBTOR:**<br>And Go Concepts, LLC<br>909 E. Broadway Road<br>Tempe, AZ 85282<br>**VIA ECF Noticing through its attorney**<br><br>**US TRUSTEE:**<br>Jayson B. Ruff<br>Office of the US Trustee<br>515 Rusk Avenue, Suite 3516<br>Houston, TX 77002<br>**VIA ECF Noticing** | **COUNSEL FOR THE DEBTOR:**<br>Omar J. Alaniz<br>Dylan T.F. Ross<br>Haley B. Bray<br>Reed Smith, LLP<br>2850 N. Harwood Street, Suite 1500<br>Dallas, TX 75201<br>**VIA ECF Noticing**<br>**Email: oalaniz@reedsmith.com**<br><br>Amalia Yael Sax-Bolder<br>Reed Smith LLP<br>1900 Lawrence Street, Suite 2800<br>Denver, CO 80202<br>**VIA ECF Noticing**<br>**Email: asaxbolder@reedsmith.com** |
| **COUNSEL FOR UNSECURED CREDITORS' COMMITTEE:**<br>Jeffrey Cohen<br>Lowenstein Sandler LLP<br>**VIA ECF Noticing**<br>**Email: jcohen@lowenstein.com** | **COUNSEL TO DIP LENDER:**<br>Michael Fishel<br>Fishel Law Group<br>**VIA ECF Noticing**<br>**Email: michael@fishellawgroup.com** |

/s/ *Michelle E. Shriro*
Michelle E. Shriro