United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **And Go Concepts, LLC, *et al.*,** | § | **Case No. 26-90753 (ARP)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**ORDER ESTABLISHING PROCEDURES FOR
SALES OF CERTAIN DE MINIMIS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**
[Relates to Dkt. No. 274]

And Go Concepts, LLC, and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed their *Motion for an Order Establishing Procedures for Sales of Certain De Minimis Assets Outside the Ordinary Course of Business Free and Clear of all Liens, Claims, Interests, and Encumbrances Pursuant to Section 363 of the Bankruptcy Code* (the "**Motion**")[2] pursuant to Bankruptcy Code section 363 and Bankruptcy Rule 6004, seeking authority to establish procedures for the sale of the De Minimis Assets free and clear of all liens, claims, interests and encumbrances. The Court has jurisdiction over the Motion and the relief requested in the Motion pursuant to 28 U.S.C. § 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O), and the Court may enter a final order on the Motion. The relief requested by the Motion is in the best interests of the Debtors'

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are And Go Concepts, LLC (4415); SAG Corporate Services LLC (0810); AGC-Arizona Facilities, LLC (7507); AGC-North Texas Facilities, LLC (7091); Garland New Market LLC (6838); AGC Topco, LLC (6845); and AGC Holdco, LLC (0294). The location of the Debtors' service address for purposes of these chapter 11 cases is 909 E. Broadway Road, Tempe, AZ 85282. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/AndGoConcepts.
[2] All terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

estates, creditors, stakeholders, and other parties in interest and the Debtors gave sufficient and proper notice of the Motion and any related hearings. Upon consideration of the Motion and any evidence or arguments presented at any hearing on the Motion, the Court finds that good and just cause exists to grant the requested relief.

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized to sell or transfer for consideration, some of which may be waiver of claims the De Minimis Assets (each, a "**Proposed De Minimis Asset Sale**") in accordance with the following procedures (collectively, the "**De Minimis Asset Sale Procedures**"):

a) If the sale consideration from a purchaser of the De Minimis Assets does not exceed $25,000, on a per-transaction basis, and if the sale is not to an insider (as defined in section 101(31) of the Bankruptcy Code), the Debtors may sell the assets upon providing written notice of the asset to be sold, the specific estate selling the asset, the proposed purchase price, the buyer's name, and any commission, fees, or other customary expenses to be paid in connection with such transaction via electronic mail or facsimile, to (i) the U.S. Trustee, (ii) any party known to the Debtors to claim or hold liens, claims, encumbrances or other interests in the De Minimis Assets (the "**Lien Claimants**"), (iii) counsel to Twelve Bridge Capital, LLC ("**DIP Lender**"), (iv) Lowenstein Sandler LLP and McDermott Will & Schulte LLP, as proposed counsel to the Committee, and (v) if the assets are located in Texas, counsel[3] to the ad valorem taxing jurisdictions (the "**Texas Taxing Authorities**," as further defined below,[4] and together with the U.S. Trustee, the Lien Claimants, the DIP Lender, and the Committee, collectively the "**Notice Parties**"), which shall have five (5) business days (unless extended by agreement from the Debtors) from the date of such notice to inform the Debtors in writing that they object to the

[3] Counsel for the Texas Taxing Authorities are Tara Grundemeier (Tara.Grundemeier@lgbs.com), Don Stecker (Don.Stecker@lgbs.com), Diane Sanders (Diane.Sanders@lgbs.com), John Turner (John.Turner@lgbs.com), Melissa Valdez (mvaldez@pbfcm.com), Linda Reece (lreece@pbfcm.com), and Jessica Cousineau (jessica.cousineau@mbvalaw.com).

[4] The term "**Texas Taxing Authorities**" is further defined as all ad valorem taxing jurisdictions represented by the firms of Linebarger Goggan Blair & Sampson, LLP, Perdue, Brandon, Fielder, Collins & Mott LLP, and McCreary Veselka Bragg and Allen, including but not limited to Bexar County, Dallas County, Town of Fairview, McLennan County, Town of Prosper, Prosper Independent School District, Rockwall CAD, Spring Independent School District, Meadowhill Regional Municipal Utility District, Fort Bend Independent School District, Fort Bend County Levee Improvement District #15, Fort Bend County Municipal Utility District #128, Fort Bend County Municipal Utility District #143, City of Katy, Fort Bend County Municipal Utility District #161, Fort Bend County Municipal Utility District #167, Fresno Independent School District City of Rosenberg, Dickinson Independent School District, Clear Creek Independent School District, Harris County Municipal Utility District #433, City of Garland, Bell County Tax Appraisal District, Guadalupe County, City of Waco, and Waco Independent School District.

proposed sale described in this subparagraph; provided, however, that to the extent the aggregate sale consideration for any single transaction or series of related transactions to a single buyer or group of related buyers exceeds $25,000 but is equal to or less than $100,000, the procedures in subparagraph (b) below shall apply. If no written objection is received from any Notice Party or any interested party who otherwise receives notice ("**Party in Interest**"), the Debtors may consummate the Proposed De Minimis Asset Sale, without further notice to any other party and without the need for a hearing or further Court order. If a timely written objection is received from the Notice Parties or any Party in Interest, the Debtors shall comply with the procedures set forth in subparagraph (e) below. The De Minimis Asset Sale Procedures shall not apply to the sale of any assets to insiders.

b) If the sale consideration from a purchaser for the De Minimis Assets, on a per-transaction basis, exceeds $25,000, but is equal to or less than $100,000, the Debtors will file with the Court a notice, substantially in the form attached as **Exhibit 1** to the proposed form of Order approving this Motion, of such Proposed De Minimis Asset Sale (a "**De Minimis Asset Sale Notice**") and serve such De Minimis Asset Sale Notice by ECF notice or other email, if available (or by first class U.S. mail, postage prepaid if ECF notice or other email is not available) on the Notice Parties and those parties, as of the date of such notice, who have filed in these chapter 11 cases a notice of appearance and request for service of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Rule 2002 Parties**").

c) The De Minimis Asset Sale Notice, to the extent the Debtors have such information, will include: (i) a description of the De Minimis Assets that are the subject of the Proposed De Minimis Asset Sale; (ii) the location of the De Minimis Assets; (iii) the economic terms of sale; (iv) the identity of any non-estate party to the Proposed De Minimis Asset Sale and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; and (v) the identity of any Lien Claimant known to the Debtors.

d) The Notice Parties, Rule 2002 Parties, and Parties in Interest shall have seven (7) business days (unless extended by agreement from the Debtors) after the De Minimis Asset Sale Notice is filed and served to advise Debtors' counsel in writing with specific and particular bases that they object to the Proposed De Minimis Asset Sale described in such De Minimis Asset Sale Notice (as used in these De Minimis Asset Sale Procedures, the "**Objection Deadline**"). If no written objection is received by the Objection Deadline, the Debtors may consummate the Proposed De Minimis Asset Sale, without further notice to any other party and without the need for a hearing or further Court order.

e) If a written objection to a Proposed De Minimis Asset Sale is timely received by the Objection Deadline, the Debtors will not proceed with the Proposed De Minimis Asset Sale unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the Proposed De Minimis Asset Sale over the objection.

f) All buyers will acquire the De Minimis Assets sold by the estates pursuant to these De Minimis Asset Sale Procedures on an "AS IS-WHERE IS" basis without any

representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended or any other purposes; provided, however, that buyers will take title to the De Minimis Assets free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests, if any, to attach to the net proceeds of the sale of the De Minimis Assets, with the same validity, force, and effect which they had against such De Minimis Assets prior to the sale.

g) Good faith purchasers of the De Minimis Assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

h) If the terms of a proposed sale are materially amended (in the reasonable judgment of the Debtors) after transmittal of the written notice or De Minimis Asset Sale Notice, but prior to the applicable deadline of the right of any Notice Parties, Rule 2002 Parties, or Parties in Interest to object to such sale of the De Minimis Assets, the Debtors will send (email sufficient) the amended notice to the respective parties, after which the parties shall have an additional three (3) calendar days to object to such sale prior to closing such sale or effectuating such transaction.

i) The absence of a timely objection to the sale of the De Minimis Assets in accordance with the De Minimis Asset Sale Procedures shall be "consent" to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

2. Notice of any sale of the De Minimis Assets in accordance with the De Minimis Asset Sale Procedures shall be sufficient notice of the sale of such assets.

3. The form of De Minimis Asset Sale Notice attached hereto as **Exhibit 1** is hereby approved.

4. The Debtors shall provide a written report to the Court, the U.S. Trustee, counsel to the DIP Lender, counsel to the Committee, and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the calendar month ending October 31, 2026, and each month thereafter, no later than thirty (30) days after the end of each month, concerning any such transactions consummated during the preceding calendar month pursuant hereto, including the names of purchasing parties, selling estates, and the types and amounts of the transactions, including expenses, fees, and commissions.

5. Nothing in the Motion or this Order shall prohibit the Debtors from filing one or more motions to approve a sale of assets.

6. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Signed: September 28, 2026

Alfredo R Pérez
United States Bankruptcy Judge

# **Exhibit 1**

**Form of Notice of Proposed De Minimis Asset Sale**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **And Go Concepts, LLC, *et al.*,** | § | **Case No. 26-90753 (ARP)** |
| **Debtors.**[5] | § | **(Jointly Administered)** |

**NOTICE OF PROPOSED DE MINIMIS ASSET SALE**

PLEASE TAKE NOTICE that on [ ], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered that certain Order *Establishing Procedures for Sales of Certain De Minimis Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant To Section 363 of the Bankruptcy Code* [Dkt. No. ___] the ("**De Minimis Asset Sale Procedures Order**"),[6] whereby the Court authorized the Debtors in the above-styled jointly administered Chapter 11 cases, to sell certain De Minimis Assets in accordance with procedures provided for therein.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the De Minimis Asset Sale Procedures Order, the Debtors propose to sell (the "**Proposed De Minimis Asset Sale**") the De Minimis Assets as set forth on **Exhibit A** attached hereto. In accordance with the De Minimis Asset Sale Procedures Order, **Exhibit A** attached hereto provides: (i) a description of the De Minimis Assets that are the subject of the Proposed De Minimis Asset Sale; (ii) the location of the De Minimis Assets; (iii) the economic terms of sale; (iv) the identity of any non-estate party to the Proposed De Minimis Asset Sale and specifies whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; and (v) the identity of any party known to the Debtors to claim or hold liens, claims, encumbrances or other interests in the De Minimis Assets.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the De Minimis Asset Sale Procedures Order, parties shall have until **[__________], 2026 at 4:00 p.m. (Central Time)** (the

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are And Go Concepts, LLC (4415); SAG Corporate Services LLC (0810); AGC-Arizona Facilities, LLC (7507); AGC-North Texas Facilities, LLC (7091); Garland New Market LLC (6838); AGC Topco, LLC (6845); and AGC Holdco, LLC (0294). The location of the Debtors' service address for purposes of these chapter 11 cases is 909 E. Broadway Road, Tempe, AZ 85282. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/AndGoConcepts.
[6] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the De Minimis Asset Sale Procedures Order.

"**Objection Deadline**") to advise the undersigned counsel to the Debtors in writing with specific and particular bases that they object to the Proposed De Minimis Asset Sale.

**PLEASE TAKE FURTHER NOTICE THAT IF NO WRITTEN OBJECTION IS RECEIVED BY THE OBJECTION DEADLINE, THE ABSENCE OF A TIMELY OBJECTION TO THE PROPOSED DE MINIMIS ASSET SALE SHALL BE "CONSENT" TO SUCH SALE WITHIN THE MEANING OF SECTION 363(f)(2) OF THE BANKRUPTCY CODE, AND THE DEBTORS MAY CONSUMMATE THE PROPOSED DE MINIMIS ASSET SALE, WITHOUT FURTHER NOTICE TO ANY OTHER PARTY, WITHOUT THE NEED FOR A HEARING, AND WITHOUT FURTHER COURT ORDER. THE PROPOSED DE MINIMIS ASSET SALE WILL BE DEEMED FULLY AUTHORIZED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE** that if a written objection to the Proposed De Minimis Asset Sale is timely received by the Objection Deadline, the Debtors will not proceed with the Proposed De Minimis Asset Sale unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the Proposed De Minimis Asset Sale over the objection.

Dated: [ ], 2026