**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **And Go Concepts, LLC, *et al.*,** | § | **Case No. 26-90753 (ARP)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**STIPULATION AND AGREED ORDER**
**REGARDING REJECTION OF LEASE, LOCATION NO. 1404**

**JAHCO SPRING CREEK, L.L.C.** ("Landlord"), a landlord, creditor, and party in interest, and **AND GO CONCEPTS, LLC, *et al.*** ("Debtors"), the above-captioned debtors in the chapter 11 case pending in the United States Bankruptcy Court for the Southern District of Texas, by and through their undersigned counsel, hereby submit this Stipulation and Agreed Order regarding the rejection of the lease at Location No. 1404:

**WHEREAS**, the Debtors and Landlord are parties to that certain Ground Lease dated November 13, 2020 (the "Lease"), for the following Leased Premises ("Leased Premises"):

> That parcel of land containing approximately 27,969 square feet, which has a street address of 14909 N. Coit Road, Dallas, Texas 75248, and known by the Debtors as Location No. 1404.

**WHEREAS**, Landlord requested that the Debtors immediately reject the Lease due to exigent circumstances facing Landlord, and the Debtors agreed to file a Notice of Rejection with respect to the Lease and to otherwise promptly reject the Lease; and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are And Go Concepts, LLC (4415); SAG Corporate Services LLC (0810); AGC-Arizona Facilities, LLC (7507); AGC-North Texas Facilities, LLC (7091); Garland New Market LLC (6838); AGC Topco, LLC (6845); and AGC Holdco, LLC (0294). The location of the Debtors' service address for purposes of these chapter 11 cases is 909 E. Broadway Road, Tempe, AZ 85282. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/AndGoConcepts.

**WHEREAS**, to avoid any delay in the rejection of the Lease (including the 21-day notice period required under the Notice of Rejection), the Debtors agreed to the immediate rejection of the Lease.

**IT IS THEREFORE** Stipulated and Agreed that:

1. The Debtors hereby reject the Lease pursuant to 11 U.S.C. § 365, and the Lease is rejected as of October 31, 2026 (the "Rejection Date").

2. The Debtors shall promptly surrender possession of the Leased Premises to Landlord.

3. Any personal property in which the Debtors claim an interest remaining at the Leased Premises after the Rejection Date, in addition to any security deposit paid by the Debtors to the Landlord in connection with the Lease or the Leased Premises, shall be deemed abandoned with the Debtors' consent pursuant to 11 U.S.C. § 554.

4. Within five (5) business days following entry of an order approving this Stipulation and Order by the Court, the Debtors shall pay Landlord an amount equal to $200,000.00 (the "Rejection Damages Payment").

5. Upon approval of this Stipulation and Agreed Order by the Court and the Debtors' payment in full of the Rejection Damages Payment, as further material and mutual consideration for the Parties' consent to this Stipulation and Agreed Order, Landlord and the Debtors, for themselves and on behalf of their estates shall, and do hereby, waive, release, and discharge each other from any and all claims arising under the Lease or otherwise, including, without limitation, any potential administrative priority claim, and Landlord further stipulates that it shall not file a proof of claim in this case. For the avoidance of doubt, Landlord forever waives any right to assert, file, or submit a claim for damages arising out of the rejection of the Lease.

6. Reservation of Rights: Except as otherwise set forth herein, nothing in this Stipulation and Order shall constitute (a) an admission as to the validity of any claim against the

Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (c) a promise or requirement to pay any claim; or (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

7. No Enhancement of Claims: Notwithstanding entry of this Stipulation and Order, nothing herein shall create, nor is intended to create any rights in favor of or enhance the status of any claim held by Landlord or any other party.

8. Immediate Effectiveness: Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Stipulation and Order shall be immediately effective and enforceable upon its entry.

9. Retention of Jurisdiction: This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation and Order.

Respectfully submitted this 29th day of October, 2026.

CROWE & DUNLEVY,
A PROFESSIONAL CORPORATION

/s/ Craig M. Regens
Craig M. Regens, OBA No. 22894
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: 405.239.6692
Email: craig.regens@crowedunlevy.com

**COUNSEL FOR JAHCO SPRING CREEK, L.L.C.**

REED SMITH LLP

/s/ Omar J. Alaniz
OMAR J. ALANIZ
SBN: 24040402
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
Email: OAlaniz@reedsmith.com

**COUNSEL FOR AND GO CONCEPTS, LLC**

**AGREED ORDER**

It is so ORDERED that the above Stipulation is APPROVED, and the Debtors' rejection of the Lease is approved.

DATED: ________________, 2026

________________________________________
THE HONORABLE ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE