United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **And Go Concepts, LLC, *et al.*,** | § | **Case No. 26-90753 (ARP)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**STIPULATION AND AGREED ORDER**
**REGARDING REJECTION OF LEASE, LOCATION NO. 1908**

**DURANGO FOOD, LLC** ("Landlord"), a landlord, creditor, and party in interest, and **AND GO CONCEPTS, LLC** ("Tenant" and with the other jointly administered debtors, collectively, the "Debtors"), the above-captioned debtors in the chapter 11 case pending in the United States Bankruptcy Court for the Southern District of Texas, by and through their undersigned counsel, hereby submit this Stipulation and Agreed Order regarding the rejection of the lease at Location No. 1908:

**WHEREAS**, Tenant and Landlord are parties to following: (i) that certain *Ground Lease*, as of June 17, 2022; (ii) that certain *Environmental and Construction Obligations Indemnity Agreement*, as of June 17, 2022 (the "ECOI Agreement"), (iii) the ECC&Rs (as defined by the Lease); (iv) the CC&Rs (as defined by the Lease); and (v) that certain Contract Indemnification and Insurance Agreement, dated February 21, 2023 (collectively, as may or has been amended, supplemented, or modified from time to time, the "Lease")[2] for the following Leased Premises ("Leased Premises"):

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are And Go Concepts, LLC (4415); SAG Corporate Services LLC (0810); AGC-Arizona Facilities, LLC (7507); AGC-North Texas Facilities, LLC (7091); Garland New Market LLC (6838); AGC Topco, LLC (6845); and AGC Holdco, LLC (0294). The location of the Debtors' service address for purposes of these chapter 11 cases is 909 E. Broadway Road, Tempe, AZ 85282. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/AndGoConcepts.
[2] Capitalized terms used herein but not defined shall be given the meanings assigned to them in the Lease.

> That certain real property located in Las Vegas, Clark County, Nevada, comprising approximately 32,193 square feet of land, known as Clark County Assessor's Parcel Number 125-17-612-022, as more particularly described in **Exhibit A** attached to the Lease, and known by the Debtors as Location No. 1908.

**WHEREAS**, Landlord requested that the Debtors immediately reject the Lease due to exigent circumstances facing Landlord, and the Debtors agreed to file a Notice of Rejection with respect to the Lease and to otherwise promptly reject the Lease; and

**WHEREAS**, to avoid any delay in the rejection of the Lease (including the 21-day notice period required under the Notice of Rejection), the Debtors agreed to the immediate rejection of the Lease.

**IT IS THEREFORE** Stipulated and Agreed that:

1. The Debtors hereby reject the Lease pursuant to 11 U.S.C. § 365, and the Lease is rejected as of October 31, 2026 (the "Rejection Date"). The expiration of the Term is hereby accelerated such that it expires at 5:00 p.m. local time on the Rejection Date.

2. Within five (5) business days following entry of an order approving this Stipulation and Order by the Court (the "Surrender Date"), Tenant shall promptly surrender possession of the Leased Premises to Landlord (the "Surrender"). If Tenant fail to so vacate the Leased Premises, then Tenant shall be a holdover tenant with respect thereto pursuant to Section 1(d) of the Lease (and shall pay to Landlord the holdover rent and other amounts payable by Tenant as set forth in such Section 1(d) and Section 22(c) of the Lease) as an administrative expense of the Debtors' estates.

3. Any personal property of the Debtors remaining at the Leased Premises after the Surrender Date shall be deemed abandoned pursuant to 11 U.S.C. § 554 and the Landlord may, without liability or compensation to Debtors, use, sell or otherwise dispose of such property in Landlord's sole discretion.

4. Within five (5) business days following entry of an order approving this Stipulation and Order by the Court, the Debtors shall pay Landlord an amount equal to $200,000.00 (the "Payment").

5. As of the Rejection Date, Landlord has no obligation to pay any allowances, perform any construction or provide any other concessions or services required under the Lease.

6. As of the Rejection Date, that Tenant has not, and will not have, engaged anyone who has provided materials or labor in connection with the Leased Premises that would give rise to the filing of a lien against the Leased Premises or that such parties have been paid in full.

7. As of the Rejection Date, that Tenant is and shall be the owner and holder of the leasehold estate of the "Tenant" under the Lease. As of the Rejection Date, that Tenant has not, and will not have, assigned or transferred, or purported to assign or transfer, to any person, firm or corporation whatsoever, any claim, debt, liability, demand, obligation, cost, attorneys' fees, expense, action or cause of action against Landlord.

8. Tenant shall have no option to extend or renew the Term, lease additional space in the Project or any rights of first offer, rights of first opportunity or rights of first refusal with respect to space in the Project; accordingly any provision of the Lease granting Tenant any option to extend or renew the Term, lease additional space in the Project or any rights of first offer, rights of first opportunity or rights of first refusal with respect to space in the Project are hereby deleted in their entirety.

9. Upon approval of this Stipulation and Agreed Order by the Court, the Surrender, and the Payment to Landlord, Landlord shall, and does hereby, waives, releases, acquits and forever discharges the Debtors from any and all actual or potential claims, claims arising under the Bankruptcy Code, demands, actions, causes or action, charges, or grievances of whatever nature or character, which Landlord can, shall or may have arising out of or in any way relating, directly or

indirectly, to the Lease. Notwithstanding anything to the contrary contained herein, this Stipulation and Agreed Order shall in no event be deemed to amend or otherwise modify the terms of the ECOI Agreement, and Landlord and Tenant hereby acknowledge and agree that such ECOI Agreement is in full force and effect as of the Rejection Date and shall remain in full force and effect by its terms following the Rejection Date. For the avoidance of doubt, upon approval of this Stipulation and Agreed Order by the Court, the Surrender, and the Payment to Landlord, Landlord forever waives any right to assert, file, or submit a claim for damages arising out of the rejection of the Lease.

10. Upon approval of this Stipulation and Agreed Order by the Court, the Surrender, and the Payment to Landlord, Debtors shall, and do hereby, waive, release, acquit, and forever discharge the Landlord from any and all actual or potential claims, claims arising under the Bankruptcy Code, demands, actions, causes or action, charges, or grievances of whatever nature or character, which Debtors can, shall or may have arising out of or in any way relating, directly or indirectly, to the Lease or payments made pursuant to the same.

11. Reservation of Rights: Except as otherwise expressly provided herein, nothing in this Stipulation and Order shall constitute (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (c) a promise or requirement to pay any claim; or (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

12. Landlord's claim in the amount of $9,899.27 filed as claim number 224 shall be disallowed as paid pursuant to this Stipulation and Order.

13. No Enhancement of Claims: Notwithstanding entry of this Stipulation and Order and except as otherwise provided herein, nothing herein shall create, nor is intended to create any rights in favor of or enhance the status of any claim held by Landlord or any other party.

14. Immediate Effectiveness: Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Stipulation and Order shall be immediately effective and enforceable upon its entry.

15. Retention of Jurisdiction: This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation and Order.

Respectfully submitted this 31st day of October, 2026.

**WINSTEAD PC**

*/s/ Annmarie Chiarello*

Annmarie Chiarello
Texas Bar No. 24097496
S.D. Tex. No. 2936034
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: 214) 745-5400
Facsimile: (214) 745-5390
Email: achiarello@winstead.com

**COUNSEL FOR DURANGO FOOD, LLC**

REED SMITH LLP

*/s/ Omar J. Alaniz*

OMAR J. ALANIZ
SBN: 24040402
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
Email: OAlaniz@reedsmith.com

**COUNSEL FOR AND GO CONCEPTS, LLC**

**AGREED ORDER**

It is so ORDERED that the above Stipulation is APPROVED, and the Debtors' rejection of the Lease is approved.

Signed: November 04, 2026

Alfredo R Pérez
United States Bankruptcy Judge